IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**JOHN DOE,**

       **Plaintiff,**                                              Civ. Action No. 3:22-cv-00346

v.

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS; and,**
**DEBRA HART, in her individual and official capacity,**

       **Defendants.**

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff "John Doe" moves for leave to proceed anonymously in this case under Federal Rule of Civil Procedure 10(a) and *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), and for a protective order to prevent all parties from revealing in public filings and documents the real names of Plaintiff and certain nonparties, including his accuser "Jane Roe" and other students involved in the disciplinary proceedings. Defendants are already aware of the identities of all such persons. This motion is thus well-supported and consistent with precedent in this district, as well as the leading case applying *Jacobson*. *See Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016). The undersigned represents that Defendants do not oppose the motion.

In support of this motion, Plaintiff states as follows:

1.  While Rule 10(a) requires that the title of a complaint "name all parties," the Fourth Circuit permits anonymous filing where the plaintiff's privacy interests outweigh the benefit of keeping the proceedings open and proceeding anonymously will not prejudice the defendants. *Jacobson*, 6 F.3d at 238. "The ultimate test for deciding if a plaintiff should proceed

anonymously is whether he has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

2. The decision to allow a party to proceed anonymously is "committed to the sound discretion of the district court." *W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) (Chambers, J.) (quoting *Alger*, 317 F.R.D. at 39).

3. In analyzing a party's request to proceed anonymously, courts consider five factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See id.* (citing *Jacobson*, 6 F.3d at 238).

4. The five *Jacobson* factors weigh heavily in favor of Plaintiff's anonymity given the sensitive and personal nature of the underlying facts of this case—the circumstances of which include the solicitation of a false Title IX complaint against Plaintiff and repeated retaliation by Marshall's Title IX Office purportedly based on allegations of sexual misconduct, including allegations involving the use of drugs and alcohol, by the Plaintiff.

5. Plaintiff has a specific and personal privacy interest that justifies anonymity. Through this motion, Plaintiff does not seek to merely "avoid the annoyance and criticism that may attend litigation." *Jacobson*, 6 F.3d at 238. Rather, Plaintiff seeks to protect his privacy in a

sensitive and highly personal matter: namely, that he, a male student, has been wrongfully accused of sexual misconduct arising out of an interaction with a female classmate.

6. As demonstrated by the leading decision in *Alger*, this is precisely the kind of information that is sufficiently sensitive and personal to satisfy this factor. 317 F.R.D. at 40; *see also Doe v. Washington and Lee University*, No. 6:14-cv-00052-NKM, ECF 13 (W.D. Va. Dec. 16, 2014) (granting motion (ECF 8) of Title IX plaintiff, who was accused of sexual misconduct, to proceed anonymously due to the sensitive nature of the conduct at issue). Indeed, *Alger* itself concerned a federal civil rights action brought by a male student challenging disciplinary proceedings levied against him at an institution of higher education. 217 F.R.D. at 40.

7. If Plaintiff is not allowed to proceed anonymously, he will be at risk of retaliatory physical or mental harm. As explained in detail in the complaint, ECF 1, Plaintiff has already been the subject of unlawful retaliation by Defendants in violation of Title IX, 20 U.S.C. § 1681(a), including by solicitation of the false Title IX complaint against him by Defendant Hart, Marshall's Title IX Coordinator, and the initiation of an unfair and biased investigation aimed at punishing Plaintiff rather than testing the veracity of the allegations against him in accordance with Marshall's own Title IX rules (the Policy).

8. Identifying Plaintiff by name will likewise increase his risk of retaliatory harm from other persons, including staff and students at Marshall University where Plaintiff still attends classes. *Alger*, 317 F.R.D. at 40 ("[I]t stands to reason that there are some persons who would seek to inflict physical or mental harm on Doe if they learned of his real name, especially in lights of the ongoing national conversation about sexual misconduct on college campuses."). Plaintiff's identification would also make it far more likely that the several other students

involved in the underlying investigation would be identified—creating a risk of potential harm to nonparties, including Plaintiff's underlying accuser, Jane Roe.

9. Additionally, Plaintiff and the other students involved in the underlying investigation are all young adults who "'may still possess the immaturity of adolescence,' as many college students do." *Alger*, 317 F.R.D. at 41 (quotations omitted). The third factor thus also weighs in favor of Plaintiff's anonymity.

10. The fourth factor—whether defendants are private parties or the government—does not weigh against anonymity. The public's interest in this case generally centers on whether Marshall University's established policies for adjudicating Title IX complaints are properly followed by its officials and whether such officials deny due process to those accused of such violations. Plaintiff's identity is irrelevant to that inquiry. At worst, this factor is neutral as Defendants include both a state funded board and a university official sued in both her individual and official capacity.

11. Lastly, anonymity will impose no unfairness on Defendants, who are already aware of Plaintiff's identity as well as that of the other students involved in the underlying investigation.

12. The need to protect Plaintiff's privacy and safety—as well as that of his accuser, Jane Roe, and other nonparty students—throughout the duration of this litigation outweighs the presumption of judicial openness set forth in Rule 10(a). *See, e.g., Alger*, 317 F.R.D. at 42 (granting motion to proceed anonymously); *W. M.*, 2020 WL 1492544, at *2 (same); *Hersom v. Crouch*, No. 2:21-CV-00450, 2022 WL 908503, at *2 (S.D.W. Va. Mar. 28, 2022) (Goodwin, J.) (same).

13.     Accordingly, the Court should grant Plaintiff John Doe's motion to proceed anonymously and enter a protective order prohibiting the use of his real name and the real names of Jane Roe and the other students involved in the underlying disciplinary proceedings in public filings and documents in this case.

**PLAINTIFF JOHN DOE**

**By Counsel**:

/s/ J. Zak Ritchie
Ryan McCune Donovan (WVSB #11660)
J. Zak Ritchie (WVSB #11705)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
rdonovan@hfdrlaw.com
zritchie@hfdrlaw.com

**CERTIFICATE OF SERVICE**

      I certify that on August 19, 2022, I caused to be served by U.S. Mail and email the foregoing document as follows:

Perry W. Oxley, Esq.
Eric D. Salyers, Esq.
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718
esalyers@oxleylawwv.com
poxley@oxleylawwv.com

*Counsel for Defendants*

                                          /s/ J. Zak Ritchie
                                          J. Zak Ritchie (WVSB #11705)