## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JOHN DOE,

                Plaintiff,

v.                                       CIVIL ACTION NO.   3:22-0346

MARSHALL UNIVERSITY
BOARD OF GOVERNORS; and
DEBRA HART, in her individual
and official capacity,

                Defendants.

### ORDER

        Pending before the Court is Plaintiff John Doe's Unopposed Motion for Leave to Proceed Anonymously and for Entry of Protective Order. ECF No. 5. As this Court previously has stated, whether a party should be permitted to proceed anonymously rests in "'the sound discretion of the district court.'" *W. M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *1 (S.D. W. Va. Mar. 26, 2020) (quoting *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). In making this decision, the Court considers the five factors set forth by the Fourth Circuit in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). These factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238 (citations omitted).

In applying these factors to this case, the Court finds they weigh in favor of anonymity. The Complaint involves sensitive matters involving allegations of sexual misconduct and drug and alcohol abuse. Plaintiff, his accuser, and other innocent, nonparty students have legitimate privacy rights over the matters alleged in the Complaint, and they will be at risk of harm if their names are disclosed. Additionally, Defendants are aware of the identities of these individuals and do not oppose the motion.

Accordingly, the Court **GRANTS** the motion to proceed anonymously and **ENTERS** a Protective Order, preventing all parties from revealing in public filings and documents the real names of Plaintiff and certain nonparties, including his accuser "Jane Roe" and other students involved in the disciplinary proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:　　　August 23, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE