THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**JOHN DOE,**

    **Plaintiff,**

**v.**

                                 **Civil Action No. 3:22-CV-00346**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS; and,**
**DEBRA HART, in her individual and official capacity,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS ON BEHALF OF DEBRA HART</u>**

### I.    <u>Introduction</u>

Pending before the Court is Debra Hart's ("Defendant's") Motion to Dismiss. This Defendant submits this Memorandum of Law in support of said Motion.

### II.    <u>Statement of Facts</u>

The Plaintiff John Doe's lawsuit is premature and lacks a valid legally cognizable claim. The Plaintiff is a junior at Marshall University. *See* Complaint, ECF 1, ¶ 14. While a student at Marshall University, the Plaintiff had a complaint alleging sexual misconduct filed against him in 2020. *Id*. at ¶¶ 19-22. Thus, Marshall University, through its Title IX Coordinator, Debra Hart, initiated an investigation into the matter. *Id*. at ¶ 24. Ultimately, the 2020 complaint was dismissed. *Id*. at ¶ 29.

In September of 2021, the Plaintiff received another complaint against him from S.S. *Id*. at ¶ 34. Again, this complaint was ultimately dismissed. *Id*. at ¶ 36.

1

On September 23, 2021, Jane Roe, a female student at Marshall, filed a complaint based on conduct that occurred on January 29, 2021. *Id*. at ¶ 38. Jane Roe alleges that she, the Plaintiff, and his girlfriend went to the Plaintiff's dorm room together. *Id*. at ¶¶ 40-42. Jane Roe alleges that the Plaintiff touched her leg and her genitals multiple times without her consent while kissing his girlfriend. *Id*. at ¶¶ 44-49.

Thus, Marshall University initiated an investigation. *Id*. at ¶ 57. The Plaintiff alleges that Marshall violated its own policies in investigating the 2021 complaint. *Id*. at ¶ 64. Specifically, the Plaintiff alleges that Marshall University improperly relied upon prior conduct, improperly relied on personal opinions, improperly relied upon irrelevant prejudicial statements, penalized the Plaintiff for not answering certain questions about alcohol and drug use, failed to consider relevant evidence, applied different levels of scrutiny to different witnesses, denied the Plaintiff the opportunity to ask questions, allowed the investigator to usurp the role of the review panel, and failed to complete a timely investigation, among other things. *Id*. at ¶¶ 66-164.

A hearing on the Jane Roe complaint was set for August 22, 2022, but was continued. *Id*. at ¶ 159.

The Plaintiff has eight counts pending: (1) a Title IX claim against Marshall University for retaliation by soliciting complaints against him, (2) a Title IX claim against Marshall University for selective enforcement of its policies, (3) a 42 U.S.C. § 1983 claim against Debra Hart for violation of due process under the Fourteenth Amendment, (4) a 42 U.S.C. § 1983 claim against Debra Hart for violation of equal protection under the Fourteenth Amendment, (5) a West Virginia Human Rights Act claim of sex discrimination against Marshall University, (6) an Aiding and Abetting claim in violation of the West Virginia Human Rights Act against Debra Hart, (7) a

negligence claim against Debra Hart, and (8) an Intentional Infliction of Emotional Distress Claim against Debra Hart. Counts 3, 4, 6, 7, and 8 are pending against this Defendant.

### III.  Legal Standard

The Federal Rules of Civil Procedure provide that a trial court must dismiss a plaintiff's complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim when, viewing the factual allegations as true and in a light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim that is plausible on its face." *Bell*, 550 U.S. a 570.

Determining whether the complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw upon its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### IV.  Argument

**A.  The Plaintiff does not have standing to sue.**

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (citing U.S. Const. Art. III, § 2). "'One element of the case-or-controversy requirement is that plaintiffs must establish that

they have standing to sue.'" *Id*. (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). "Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant challenging standing may move to dismiss an action for lack of subject-matter jurisdiction." *Brown v. R&B Corp. of Va.*, 267 F. Supp. 3d 691, 695 (E.D. Va. 2017).

The Complaint must include allegations to plausibly establish (1) that Plaintiff "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that his injury is "fairly traceable to the challenged action of the defendant"; and (3) that his injury is capable of redress "by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009). Article III standing requires that a plaintiff show an invasion of a legally protected interest that is "certainly impending." *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019); see also *Doe v. Rector & Visitors of Univ. of Va.*, No. 3:19-CV-00070, 2020 WL 5096948, at *4 (W.D. Va. Aug. 28, 2020).

The Plaintiff had two complaints dismissed, and one is pending against him. However, the Review Panel Hearing has not been conducted. This panel hearing provides the opportunity to correct any mistakes that may have occurred. *See Gonzales v. Marshall Univ. Bd. of Governors*, No. CV 3:18-0235, 2019 WL 3432533, at *6 (S.D.W. Va. July 30, 2019), aff'd, 830 F. App'x 403 (4th Cir. 2020). Thus, Plaintiff's allegation of any likelihood of future harm are, at best, speculative, and are neither imminent nor concrete.

If the hearing panel does not dismiss the Complaint, and an adverse action is taken against the Plaintiff, then the Plaintiff may have standing. Here, there is no decision that could fix any injury because none has yet occurred. The administrative process needs to be completed. Until that is complete, the Plaintiff does not have standing to sue.

### B. Plaintiff's 42 U.S.C. §1983 claims are barred by qualified immunity.

It is "a well-established principle of federal civil rights litigation ... that government officials sued in their personal capacities for violations of federal rights are entitled to qualified immunity if the right was not clearly established at the time of the violation." *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 724 (E.D. Va. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). To determine whether qualified immunity applies, courts consider whether (1) the facts "make out a violation of a constitutional right" and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 232, 129 S.Ct. 808. While the order of the two-step analysis is interchangeable, qualified immunity is a complete defense to federal §1983 claims if either element is not met. *Id.* at 238.

#### 1. Defendant Hart's action were within her duties.

A government official "who performs an act clearly established to be beyond the scope of his discretionary authority" is not entitled to a qualified immunity defense. *In re Allen*, 106 F.3d 582, 593 (4th Cir. 1997). The issue is not whether an official's actions were a proper or legal exercise of his discretionary authority. *Id*. at 594. Rather, the Court must ask whether a reasonable official in the defendant's position would have known that the conduct was clearly established to be beyond the scope of his authority. *Id*. The Court determines the scope of an official's authority by analyzing the statutes or regulations controlling the official's duties. *Id*. at 595.

Defendant Hart is the Title IX coordinator. *See* ECF 1, ¶ 24.

> The Title IX coordinator's primary responsibility is to coordinate the recipient's compliance with Title IX, including the recipient's grievance procedures for resolving Title IX complaints. Therefore, the Title IX coordinator must have the authority necessary to fulfill this coordination

5

> responsibility. The recipient must inform the Title IX coordinator of all reports and complaints raising Title IX issues, even if the complaint was initially filed with another individual or office or the investigation will be conducted by another individual or office. The Title IX coordinator is responsible for coordinating the recipient's responses to all complaints involving possible sex discrimination. This responsibility includes monitoring outcomes, identifying and addressing any patterns, and assessing effects on the campus climate.

*See S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 579 F. Supp. 3d 999, 1013 (M.D. Tenn. 2022) (citing the April 24, 2015 "Dear Colleague" letter).

Defendant Hart is alleged to have initiated a complaint, "attempted" to discipline the Plaintiff, investigated the Plaintiff. *See* ECF 1, generally. Defendant Hart allegedly "violated Plaintiff's procedural due process rights by denying him fair and impartial investigators and adjudicators and by restricting his ability to present a full and fair defense against Jane Roe's complaint." *See* ECF 1, ¶ 193. Overseeing the Title IX process is certainly within Defendant Hart's discretionary authority. Thus, a reasonable official would believe that the alleged actions of Defendant Hart in this case was within her discretionary authority.

### 2. Defendant Hart's actions did not violate a constitutional right of the Plaintiff.

To succeed on his procedural due process claim, the Plaintiff must show: (1) "that he had a constitutionally cognizable life, liberty, or property interest"; (2) "that the deprivation of that interest was caused by 'some form of state action' "; and (3) "that the procedures employed were constitutionally inadequate." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (quoting *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009)).

The Plaintiff himself admits he has not any rights deprived. Rather, the Plaintiff alleges "threatened and certainly impending deprivation." *See* ECF 1, ¶ 191. Clearly, that is not an allegation of actual deprivation, because none has occurred.

Additionally, the procedures were constitutionally adequate. The United States District Court for the Northern District of West Virginia discussed the procedural process due in academic cases. *See Al-Asbahi v. W. Virginia Univ. Bd. of Governors*, No. 1:15CV144, 2017 WL 402983, at *17 (N.D.W. Va. Jan. 30, 2017), aff'd, 724 F. App'x 266 (4th Cir. 2018). First, the student must have notice of the faculty's dissatisfaction and potential risk of his dismissal. *Id*. Next, the final dismissal decision must be made carefully and deliberately. *Id*.

The Plaintiff certainly had notice of the complaints. Additionally, two of the three complaints have been dismissed, while one remains pending. As a result, the Plaintiff has not even faced dismissal. Certainly, the Plaintiff cannot argue the process that resulted in two dismissals in his favor was constitutionally inadequate.

Thus, because the Plaintiff has not been deprived of any constitutional rights, and had constitutionally proper procedures initiated against him, Defendant Hart's actions as alleged did not violate any constitutional rights of the Plaintiff.

### 3. Defendant Hart's actions did not violate a constitutional right that was clearly established.

A right is clearly established when the contours of the right are sufficiently clear to ensure that a reasonable official would have understood that the alleged conduct was unlawful. *Wilson v. Prince George's Cnty., Md.*, 893 F.3d 213, 221 (4th Cir. 2018). To determine whether a right is clearly established, the Court examines whether the Supreme Court, the Fourth Circuit, or the Supreme Court of Appeals of West Virginia have decided the law. *Id*. Specifically, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In other words, "existing precedent must have placed the statutory or constitutional question *beyond debate*." *Id*. (emphasis added). This, just like the scope of authority

7

analysis, is completed from a "layman's perspective" with their legal limitations in mind. *Bland*, 740 F.3d at 393-394.

As discussed herein, no constitutional right was violated. Moreover, there was certainly no constitutional right violated that was clearly established. The Plaintiff has not been suspended or dismissed. Rather, two of the three complaints against him have been dismissed. The Plaintiff has received notice of the charges, explanation of the charges against him, and the opportunity to dispute those charges. For the only remaining complaint, the hearing panel has not yet convened. The remaining complaint could be dismissed, and the Plaintiff would have no standing to sue. As a result, there was no constitutional right violated that was clearly established and Defendant Hart is entitled to qualified immunity.

**C. Even if Debra Hart is not entitled to qualified immunity, Plaintiff's equal protection claim under 42 U.S.C. § 1983 fails.**

"In order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011).

For reasons stated in Marshall University's Memorandum of Law in Support of its Motion to Dismiss and herein, the Plaintiff failed to sufficiently allege discriminatory based on his sex. He has no allegations that a female student would have been treated differently. As a result, his equal protection claim against this Defendant must be dismissed.

**D. Even if Debra Hart is not entitled to qualified immunity, Plaintiff's due process claim under 42 U.S.C. § 1983 fails.**

To succeed on his procedural due process claim, the Plaintiff must show: (1) "that he had a constitutionally cognizable life, liberty, or property interest"; (2) "that the deprivation of that

interest was caused by 'some form of state action' "; and (3) "that the procedures employed were constitutionally inadequate." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (quoting *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009)). The minimum requirements are that the student "must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). An allegation that a school violated its own policies and procedures does not state a claim for a due process violation. *Heyne v. Metropolitan Nashville Pub. Sch.*, 655 F.3d 556, 569 (6th Cir.2011); Webb v. McCullough, 828 F.2d 1151, 1159 (6th Cir.1987); see also *Levitt v. University of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir.1985) ("There is not a violation of due process every time a university or other government entity violates its own rules.").

For reasons stated in Marshall University's Memorandum of Law in Support of its Motion to Dismiss and herein, the Plaintiff has not had any of his rights deprived from him. As a result, his due process claim against this Defendant must be dismissed.

    **E.**    **Plaintiff's Aiding and Abetting claim fails to state a claim upon which relief may be granted.**

West Virginia has not defined the terms "aid" and abet" in its Human Rights Act. In *Larry v. Marion County Coal Company*, the District Court of the Northern District of West Virginia predicted that the Supreme Court of West Virginia would follow other states' approaches to interpreting the term within their own state Human Rights Acts. 2018 WL 648371 at *10–11. To define aid or abet, courts have applied the Restatement (Second) of Torts § 876(b) which holds that "for harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.". 2018 *Id.* at *10.

Applied to the aiding and abetting claim, this would mean that for a person to be found liable for aiding and abetting an unlawful discriminatory practice, they must have known an action was discriminatory and given "substantial assistance or encouragement" to the employer to accomplish that discrimination. *Id.* at *11. A failure to question or review the decision-making process behind the discriminatory action would not be sufficient to find a person liable for aiding or abetting. *Id.*

For reasons stated in Marshall University's Memorandum of Law in Support of its Motion to Dismiss and herein, the Plaintiff has not alleged any discriminatory practice. Specifically, the Plaintiff has not alleged any facts that show discrimination on the basis of sex. Therefore, the Plaintiff's aiding and abetting claim must be dismissed.

### F. Defendant Hart is also entitled to immunity from Plaintiff's state law claims of negligence and intentional infliction of emotional distress.

"West Virginia affords immunity 'from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known.'" *Hupp v. Cook*, 931 F.3d 307, 326 (4th Cir. 2019). (quoting *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751, 762 (2014)). As set forth herein, "[t]he state's qualified immunity doctrine borrows heavily from the analogous federal qualified immunity jurisprudence but also requires an additional finding that the defendant's alleged conduct not be "'fraudulent, malicious, or otherwise oppressive'" to the plaintiff. *Id*. (internal citations omitted).

As set forth above, at all times relevant to this action, Defendant Hart was exercising her discretionary authority in carrying out her duties under Title IX. Defendant Hart investigated complaints and instituted Title IX proceedings. That is her duty. Perfection is not the standard. The minimum requirements are that the student "must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). There

are no factual allegations of fraud. There are no factual allegations of malicious intent. There are no factual allegations that are otherwise oppressive because no disciplinary action has even been taken against the Defendant. Alleged bias must be evident from the record and not based on inference and speculation. *Nash v. Auburn Univ.*, 812 F.2d 655, 665 (11th Cir.1987). As a result, the Defendant is entitled to immunity from Plaintiff's state law claims.

## V.     Conclusion

**WHEREFORE**, for the reasons stated above, this Defendant respectfully moves the Court to enter an Order dismissing all claims asserted against him with prejudice and for any and all other such relief as the Court deems appropriate and just under the circumstances.

**DEBRA HART,**

**By counsel,**

/s/ Eric D. Salyers
Perry W. Oxley (WVSB #7211)
Eric D. Salyers (WVSB #13042)
Oxley Rich Sammons, PLLC
517 9th Street, Suite 1000
Huntington WV 25701
304-522-1138
304-522-9528 (fax)
poxley@oxleylawwv.com
esalyers@oxleylawwv.com
*Counsel for Defendants*

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**JOHN DOE,**

    **Plaintiff,**

**v.**

                                **Civil Action No. 3:22-CV-00346**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS; and,**
**DEBRA HART, in her individual and official capacity,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Debra Hart, served the foregoing "***Memorandum of Law in Support of Motion to Dismiss on Behalf of Debra Hart***" by electronically filing the same with the Clerk of the Court using the CM/ECF system on this **26th** day of **September 2022**.

Ryan McCune Donovan (WVSB #11660)
J. Zak Ritchie (WVSB #11705)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
rdonovan@hfdrlaw.com
zritchie@hfdrlaw.com
*Counsel for Plaintiff*

                                            /s/ Eric D. Salyers
                                            Perry W. Oxley (WVSB #7211)
                                            Eric D. Salyers (WVSB #13042)