IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JOHN DOE,

        **Plaintiff,**                                             **Civ. Action No. 3:22-cv-00346**

**v.**

MARSHALL UNIVERSITY
BOARD OF GOVERNORS; and,
DEBRA HART, in her individual and official capacity,

        **Defendants.**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff John Doe respectfully requests that the Court deny the Defendants' Motion for

Protective Order (ECF No. 44) and grant Plaintiff's Motion for Entry of the Court's Standard

Protective Order (ECF No. 43), for the following reasons:

1.      The Court's standard protective order is sufficient to protect all parties to this

action.

2.      The standard order has been used effectively, even in cases where the defendant

carries out-of-state insurance coverage.

3.      The order proposed by the Defendants prejudices the Plaintiff in many ways by,

*inter alia*:

      a.   removing the requirements in the standard order Section I(E) that the

          parties and attorneys (1) provide a copy of the protective order to any

          person to whom disclosure is made; (2) require individuals to whom

          disclosure is made to sign an acknowledgement and receipt of the

          protective order; (3) instruct persons to whom disclosure is made to return

any document or other material which is marked "confidential" at the conclusion of the case, including notes or memoranda made from the "confidential material"; and (4) maintain a list of persons to whom disclosures were made and which materials were disclosed;

b.  removing the provision in Subsection II(B) that attorneys, experts, and consultants may not retain work product that duplicates "verbatim substantial portions or the text or images of confidential documents";

c.  removing the obligation in Subsection II(B) that retained work product continue to be designated as "confidential";[1] and

d.  failing to recognize that Defendants and their insurance carriers have a continuing duty to maintain confidentiality of documents in the event such documents "must be disclosed" in litigation brought against Defendants' Counsel or Defendants' insurance carrier.

4.      Plaintiff's counsel first contacted defense counsel four weeks ago regarding entry of an agreed protective order. Nonetheless, counsel for the Defendants did not provide a substantive reply until they were informed that Plaintiff would be moving the Court for entry of the standard order.

5.      Inasmuch as Defendants' responses to Plaintiff's first set of discovery requests are due in five days' time, Plaintiff feels it is important to move forward with the standard order, which is in no way insufficient to protect both Plaintiff and the Defendants.

---

[1] *See* Defendants' proposed protective order at § II(B) ("However, the mental impressions of Defendants' Counsel and/or claims handling personnel employed by Defendants' insurance carriers as memorialized in claim file logs or diaries contained in claim files shall not be subject to this paragraph.").

Accordingly, Plaintiff requests that the Court deny the Defendants' motion (ECF No. 44) and enter the standard protective order, which is preferred in this District.

**PLAINTIFF JOHN DOE,**

**By Counsel:**

/s/ Casey E. Waldeck
Ryan McCune Donovan (WVSB #11660)
J. Zak Ritchie (WVSB #11705)
Casey E. Waldeck (WVSB #14001)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
rdonovan@hfdrlaw.com
zritchie@hfdrlaw.com
cwaldeck@hfdrlaw.com