## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**JOHN DOE,**

      **Plaintiff,**

**v.**                      **Case No.:  3:22-cv-00346**

**MARSHALL UNIVERSITY**
**BOARD OF GOVERNORS, et al.,**

      **Defendants.**

### ORDER

On Wednesday, March 29, 2023, Plaintiff appeared, by counsel, Casey E. Waldeck and Ryan McCune Donovan, and Defendants appeared, by counsel, Eric Salyers and Christopher K. Weed, for a hearing on Plaintiff's Motion to Compel Defendants to Fully Respond to Plaintiff's First Set of Requests for Production of Documents, (ECF No. 49). After considering the arguments of counsel, the Motion is **GRANTED**, in part, and **DENIED**, in part, as set forth below.

Plaintiff's counsel divided the allegedly deficient discovery responses into eight categories as follows:

1.     Responses that Defendants agreed to supplement, but have not supplemented. This category includes Request Nos. 30, 31, 42, 43, 44, 46, 47, and 48. The Court **GRANTS** the Motion to Compel as to these requests and **ORDERS** Defendants to provide full and complete responses on or before **April 6, 2023**.

2.     Responses that assert unsupported boilerplate objections. This category includes Request Nos. 2, 3, 4, 5, 6, 7, 15, 20, 21, 22, 23, 24, 25, 26, 27, 28, 32, 33, 34, 35,

36, 37, 51, 52, 53, and 55. The law in this district is clear that unsupported boilerplate objections are not proper. A party may assert objections based on burdensomeness, breadth, scope, and relevance, but those objections must be explained and supported. As was discussed in depth at the hearing, the objection should provide the adverse party with an understanding of the factual and legal basis of the objection. Defendants' responses failed to supply any clue as to what specifically they found objectionable about the requests. Therefore, the Court **GRANTS** the Motion to Compel as to these requests, with the exception of Request Nos. 6, 7, 35, 36, and 37. Defendants are **ORDERED** to provide full and complete responses to the remaining requests in this category on or before **April 13, 2023**. As to Request Nos. 6 and 7, Plaintiff has agreed to some limitations of the information requested. The parties are **ORDERED** to meet in person, or by Zoom or similar method, in the next few days, to confer on these limitations and other issues that arose during the hearing. As to Request Nos. 35, 36, and 37, the Court requires additional factual information to put the requests into context and determine the relevance of the materials sought. Plaintiff is **ORDERED** to file a memorandum setting forth that factual context on or before **April 14, 2023**. Defendants may file a response on or before **April 21, 2023**.

3.      Responses asserting an improper Family Educational Rights and Privacy Act of 1974 (FERPA) objection. This category includes Request Nos. 7, 8, 9, 10, 11, 12, 20, 21, 22, 32, 33, and 34. As stated, the parties have been ordered to meet and confer, and they will confer on these requests as well. The Motion is **GRANTED** to the extent that responses are unclear or pages are missing from prior productions. Defendants are **ORDERED**, on or before **April 13, 2023**, to supplement responses that do not clearly indicate whether documents have been withheld; Defendants shall make the responses

2

clear and shall produce pages that were not provided previously, such as missing attachments. If Defendants have burdensomeness/proportionality objections, those objections ***must be supported with specific facts***. Objections based on FERPA must reference a particular section or sections of the Act, or a case relating to the Act. As to Request Nos. 7, 8, 9, 10, 11, and 12, the parties need to determine if they can limit the information in the same manner as Jane Roe's records, or if a relevancy objection remains. If a relevancy objection remains, then the Court requires additional briefing. Plaintiff is **ORDERED** to file a memorandum setting forth the relevancy of these individuals and their records on or before **April 14, 2023**. Defendants may file a response on or before **April 21, 2023**.

4.      Responses that are ambiguous. This category includes Request Nos. 39, 40, and 49. The Motion is **GRANTED** as to these requests. Defendants are **ORDERED** to provide unambiguous responses on or before **April 6, 2023**.

5.      Responses in which Defendants unilaterally shorten the time frame of the Request. This category includes Request Nos. 25, 26, 27, and 28. Plaintiff requests ten years of documents. Defendants agree to provide three years' worth; however, reportedly, they did not comply with their own time frame. The parties have not attempted to negotiate an acceptable period of time for these requests. Accordingly, the parties are **ORDERED** to discuss these requests during their meet and confer session. If Defendants raise a proportionality objection, they shall support it with particular facts.

6.      A response in which Defendants claim they do not have control over the requested documents. This category includes only Request No. 51. Plaintiff seeks documents from an unrelated lawsuit involving a potential expert witness of Defendants. According to Plaintiff, the documents will be used to impeach the credibility of the expert.

However, the documents do not fall within the materials required to be produced by Fed. R. Civ. P. 26(a)(2)(B). Plaintiff does not have any legal support for his assertion that Defendants have control over these documents, or that Defendants have a duty to collect the materials on behalf of Plaintiff. Unless Plaintiff can provide such support, the Motion to Compel is **DENIED** as to this request.

7.      Responses that are unresponsive. This category includes Request Nos. 4, 13, 25, and 27. A review of Defendants' answers indicates that Defendants referenced a large mass of Bates-stamped documents in response to each request without identifying which documents in the mass actually were pertinent to each individual request. The Motion to Compel is **GRANTED** as to these requests. Defendants are **ORDERED** to provide full and complete responses on or before **April 13, 2023** identifying which Bates-stamped documents answer each request.

8.      Responses that are incomplete.  Plaintiff did not provide specific requests for this category, but did provide a detailed chart to counsel and the Court. The parties are **ORDERED** to discuss the chart and the incomplete responses during their meet and confer and attempt to resolve the incomplete answers.

Plaintiff has moved the Court for reasonable fees and costs pursuant to Fed. R. Civ. P. 37. Accordingly, Plaintiff shall have through and including **April 28, 2023** in which to file an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation shall result in a denial of fees and costs. Defendants shall have through and including **May 12, 2023** in which to respond to Plaintiffs' submission. The response

shall include any justification that would obviate against an award of expenses. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Plaintiff. Plaintiff shall have through and including **May 19, 2023** in which to file a reply memorandum.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** March 31, 2023

Cheryl A. Eifert
United States Magistrate Judge