# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JOHN DOE,

        Plaintiff,

v.                                                            CIVIL ACTION NO.   3:22-0346

MARSHALL UNIVERSITY
BOARD OF GOVERNORS; and
DEBRA HART, in her individual
and official capacity,

        Defendants.

### SCHEDULING ORDER

The Court **ORDERS** the stay of this matter lifted. Pursuant to the Report of Parties' Planning Meeting, the Court **ORDERS** as follows:

    1.    <u>Discovery</u>: The parties shall complete all discovery requests by **September 10, 2024**, and all depositions by **October 25, 2024.** The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by *Fed. R. Civ. P.* 26(a)(1) and (2), but not disclosures required by *Fed. R. Civ. P.* 26(a)(3), should be completed. Pursuant to *L.R.* 26.1(c), the Court adopts and approves agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

    2.    <u>Expert Witnesses</u>: The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **September 4, 2024**. The party not bearing the burden of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue

to all other parties or their counsel no later than **October 4, 2024**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **October 18, 2024**.

    3.    <u>Dispositive Motions</u>: All dispositive motions, except those filed under *Fed. R. Civ. P.* 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **November 1, 2024**. Any responses shall be filed within 14 days of the filing of the motion, with replies due within 7 days of the filing of the response. If not filed electronically, a copy of any motion, supporting memorandum, response, and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion, supporting memorandum, response, or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

    4.    <u>Settlement Meeting and *Fed. R. Civ. P.* 26(a)(3) Disclosures</u>: No later than **November 29, 2024**, counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the plaintiff shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all *Fed. R. Civ. P.* 26(a)(3) disclosures at the settlement meeting.

    5.    <u>Proposed Integrated Pretrial Order</u>: Counsel for the plaintiff shall prepare their portion of the pretrial order and submit it to counsel for the defendants no later than **January 6,**

**2025**. Counsel for the defendants shall prepare and file a proposed integrated pretrial order no later than **January 13, 2025**. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in *L.R.* 16.7(b), including any objections to *Fed. R. Civ. P.* 26 (a)(3) disclosures.

      6.      <u>Pretrial Conference</u>: A final pretrial conference shall be held on **January 21, 2025**, at **10:30 a.m.** in **Huntington.** Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case shall be present in person.

      7.      <u>Proposed Charge to Jury</u>: No later than **January 28, 2025**, counsel and any unrepresented parties shall submit to the presiding judge proposed jury instructions in charge form on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate. The proposed instructions shall be exchanged among counsel and any unrepresented parties before their submission. The proposed instructions shall not be filed with the Clerk and made part of the record unless ordered by a judicial officer.

      8.      <u>Final Settlement Conference</u>: A final settlement conference, attended by lead trial counsel and any unrepresented parties, shall be held on **February 3, 2025**, at **9:30 a.m.** in **Huntington.** Individuals with full authority to settle the case shall be present in person.

      9.      <u>Trial</u>: Trial of this action shall commence on **February 4, 2025**, at **8:30 a.m.** in **Huntington.**

      10.      <u>Failure to Appear or Negotiate</u>: At least one attorney for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations, and admissions on all matters that participants reasonably

anticipate may be discussed. Counsel and unrepresented parties are subject to sanctions for failures and lack of preparation.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 20, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE